# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD C. TOLBERT,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:16cv705-WS/CAS**

**WARDEN JOHNSON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, sought to initiate a civil rights complaint in this Court by submitting a "verified civil complaint pursuant to 42 U.S.C. § 1983." ECF No. 1. However, the complaint could not proceed as filed because it was not signed as required by Federal Rule of Civil Procedure 11 or Local Rule 5.1(E).[1] An Order was entered on November 21, 2016, directing Plaintiff to file an amended complaint which contains his original signature to proceed with this case. Plaintiff filed a "supplemental

---

[1] Local Rule 5.1 provides in relevant part: "A document filed by a pro se party must include a signature block with the party's handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." N.D. Fla. Loc. R. 5.1(E).

complaint," ECF No. 9, which contains his signature but which does not otherwise comply with Federal Rule of Civil Procedure 10 because the facts are not presented in numbered paragraphs. Moreover, the facts asserted there are not viable in this civil rights case because Plaintiff complains of an incident which occurred on November 7, 2016. ECF No. 9 at 1. Considering the fact that Plaintiff initiated this case on November 8, 2016, the incident could not be administratively exhausted through the Department of Corrections' grievance system. Under the Prison Litigation Reform Act, a civil rights action concerning prison conditions may not be brought under § 1983 by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Because this claim could not be exhausted, the complaint cannot go forward.

Moreover, Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, was not supported by a copy of his inmate bank account statement as required. *See* 28 U.S.C. § 1915. Plaintiff was directed to file an amended motion for leave to proceed in forma pauperis

supported by a copy of his inmate bank account statement for the six (6) month period immediately preceding the filing of the complaint, i.e., the period from June 1, 2016 to November 30, 2016.  Plaintiff's deadline to comply with that requirement was **December 20, 2016**.  As of this date, Plaintiff has not filed an in forma pauperis motion.

Plaintiff was advised that if he failed to comply with that Order, a recommendation would be made to dismiss this case for failure to prosecute and failure to comply with a Court Order.  ECF No. 8.  Despite that warning, Plaintiff has not complied.  Accordingly, this case should now be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court Order and failure to prosecute.  It is further **RECOMMENDED** that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2017.

  S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.